**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOVEPREET SINGH, | No. 20-71802 |
| Petitioner, | Agency No. A215-680-087 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Lovepreet Singh seeks review of the decision of the Board of Immigration

Appeals ("BIA") dismissing his appeal from his final order of removal to India.

The Immigration Judge ("IJ") denied his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny his petition for review.

Singh argues that the BIA erred in dismissing his appeal because the IJ's adverse credibility determination was not based upon substantial evidence in the record. Where, as here, the BIA reviewed the IJ's credibility determination for clear error and relied upon the IJ's opinion and statement of reasons, the court also looks to the IJ's written decision as a guide to what lay behind the BIA's conclusion. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). The agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252 (b)(4)(B).

"[U]nder the REAL ID Act, credibility determinations are made—and must be reviewed—based on the 'totality of the circumstances and all relevant factors,' not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (abrogating the Ninth Circuit's single-factor rule for adverse credibility determinations). In assessing the "totality of the circumstances," an IJ may rely on statutory factors, like "demeanor," "candor," "responsiveness," "plausibility," "inconsistency," "inaccuracy," and "falsehood," as well as any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii). For each factor forming the basis of an adverse credibility determination, the IJ should refer to specific instances in the

record that support a conclusion that the factor undermines credibility. *Shrestha* v. *Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). An IJ may not selectively examine evidence, but rather must provide a "reasoned analysis of the evidence as a whole" to support an adverse credibility finding. *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010).

There were three inconsistencies in Singh's testimony upon which the IJ and BIA expressly relied in determining that he was not credible: (1) whether the timing of his promotion to Youth Leader occurred "shortly" after or three years after joining the Mann Party; (2) whether he ran away from his attackers prior to his 2017 assault or whether he conversed with them first; and (3) whether the name of the Mann Party leader who facilitated him joining and wrote a letter attesting to his membership was "Ranjeet" or "Rajinder" Singh. Because Singh had an opportunity to explain these discrepancies at his hearing, and the IJ considered his explanations and described in detail why she found them unpersuasive, the BIA did not err in relying on this evidence as part of its adverse credibility determination. *Shrestha*, 590 F.3d at 1043–44.

The BIA also relied on the IJ's determination that Singh's testimony regarding both his claimed 2017 and 2018 attacks was implausible. Because the IJ listed specific, cogent reasons for her implausibility finding, *Jibril v. Gonzales*,

3

423 F.3d 1129, 1135 (9th Cir. 2005) (citing *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003)), and because Singh had the opportunity to address the issue during his merits hearing; *Lalayan v. Garland*, 4 F.4th 822, 833–34 (9th Cir. 2021) (citing *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014)), the BIA did not err in relying on this factor in its adverse credibility determination.

The BIA also relied on the IJ's observations of Singh's demeanor and lack of responsiveness. In support of her adverse credibility determination, the IJ noted specific verbal and non-verbal cues in Singh's demeanor that made her doubt the veracity of his testimony. The BIA did not err in relying on the IJ's demeanor findings in support of its adverse credibility determination. *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014).

Finally, the BIA relied on the IJ's finding that the documentary evidence that Singh submitted with his application did not rehabilitate the parts of his testimony that the IJ found incredible. While the country conditions evidence submitted by Singh does provide general evidence about the persecution of Sikhs in India and those holding pro-Khalistan views, as well as the insecurity of national ID card data, as the BIA notes, Singh has not provided an explanation as to how that evidence rehabilitates the specific inconsistencies and implausible aspects of his

testimony cited by the IJ.  For these reasons, the BIA did not err in relying on the IJ's finding of Singh's lack of rehabilitating documentary evidence.

**PETITION DENIED.**